IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00106-BNB

MR. MICHAEL KEITH TIVIS,

     Plaintiff,

v.

DR. PATTY BEECROFT, M.D.,
MS. KELLY McRAE, RN,
MR. TED LAURANCE, P.A.,
MR. T. SINGH, P.A.,
MR. RON LEYBA, Warden, and
COLORADO DEPARTMENT OF CORR.,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 4 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Michael Keith Tivis is in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility at Crowley, Colorado. Mr. Tivis initiated this action by filing *pro se* a Prisoner Complaint alleging that his constitutional rights have been violated. On February 23, 2006, he filed an amended complaint on the proper form. The court must construe the amended complaint liberally because Mr. Tivis is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Tivis will be ordered to file a second amended complaint.

The court has reviewed the amended complaint and finds that it is deficient because Mr. Tivis fails to allege specific facts that demonstrate how each named

Defendant personally participated in the alleged violation of his constitutional rights.  Mr. Tivis complains in this action that he has been denied adequate medical care because he has been denied surgery and adequate pain medications.  He specifically alleges that he has been denied adequate medical care by Defendants Dr. Patty Beecroft and P.A. Ted Laurance.  It is not clear how the other named Defendants personally participated in the alleged denial of adequate medical care.

Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Tivis must show that each Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Tivis also must clarify in the second amended complaint he will be ordered to file how he has exhausted administrative remedies for each claim that he asserts. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This "exhaustion requirement applies to all inmate suits about prison life,

whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." ***Porter v. Nussle***, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." ***Steele v. Fed. Bureau of Prisons***, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Tivis must "either attach copies of administrative proceedings or describe their disposition with specificity." ***Id.*** at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. ***See Ross v. County of Bernalillo***, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Tivis has not exhausted administrative remedies for all of the claims and issues he raises in this action, the entire complaint must be dismissed.

Mr. Tivis attaches to the complaint copies of two sets of administrative grievances he filed regarding medical care. In both grievances Mr. Tivis complained that he was being denied adequate pain medications and in one of the grievances he also complained about his medical co-payments. The attached grievances do not demonstrate that Mr. Tivis has exhausted administrative remedies for his claim that he has been denied surgery. Therefore, he must clarify how he has exhausted administrative remedies for his claim that he has been denied surgery if he wishes to pursue that claim in this action. Accordingly, it is

ORDERED that Mr. Tivis file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Tivis, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Tivis fails within the time allowed to file an

3

original and sufficient copies of a second amended complaint that complies with this

order, the action will be dismissed without further notice.

DATED March 14, 2006, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   06-cv-00106-BNB

Michael Keith Tivis
Prisoner No. 52378
Arkansas Valley Corr. Facility
PO Box 1000 – CH 1
Crowley, CO 81034

     I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on  3/14/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk